UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MADELYN PAGE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:22-cv-00965-JLT-CDB<br><br>FINDINGS AND RECOMMENDATION TO GRANT UNOPPOSED MOTION BY COUNSEL FOR PLAINTIFF FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(b)<br><br>(Doc. 33)<br><br>**14-DAY OBJECTION DEADLINE** |

Pending before the Court is the motion of Sima G. Aghai ("Counsel"), counsel for Plaintiff Alexandra Madelyn Page ("Plaintiff"), for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), filed on July 7, 2025. (Doc. 33). The motion seeks attorney's fees in the amount of $37,764.75 for representing Plaintiff in this action. (*Id.* at 1). Neither Plaintiff nor Defendant filed any opposition or response to the motion. For the reasons set forth below, the undersigned will recommend that Counsel's motion for attorney's fees be granted.

**I.     Relevant Background**

On August 11, 2020, Plaintiff and Counsel entered into a contingency fee agreement. (Doc. 33-1; Doc. 33 at 3). The parties agreed to attorney's fees in the amount of 25% of the past-due benefits that were awarded to Plaintiff in the event she prevailed in her case. (Doc. 33-1 at 1). The agreement also provided that Plaintiff would pay her attorney's costs that were incurred in the

1

representation. (*Id.* at 2). Further, the agreement provided that Counsel could seek fees pursuant to the Equal Access to Justice Act ("EAJA"). (*Id*. at 1).

Plaintiff initiated this action with the filing of a complaint on August 2, 2022, appealing the Commissioner of Social Security's ("Commissioner" or "Defendant") decision denying her application for benefits. (Doc. 1). Plaintiff filed a motion for summary judgment on March 17, 2023. (Doc. 21). On June 9, 2023, Defendant filed an opposition, and Plaintiff filed a reply on July 17, 2023. (Docs. 24, 27). On January 30, 2024, the undersigned issued Findings and Recommendations to grant Plaintiff's motion for summary judgment and remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 28). On February 16, 2024, the assigned district judge adopted the Findings and Recommendations, granted Plaintiff's motion for summary judgment, and remanded the case for further proceedings. (Doc. 29). Judgment in favor of Plaintiff was entered the same day. (Doc. 30).

On May 15, 2024, the parties filed a stipulated request for award of attorney's fees pursuant to the EAJA. (Doc. 31). On May 16, 2024, the Court granted the request for award and payment of attorney's fees pursuant to the EAJA and Counsel was awarded EAJA fees in the amount of $7,750.00. (Doc. 32).

Following remand, the Commissioner issued a favorable decision awarding benefits to Plaintiff. (Doc. 33 at 3-4). The Social Security Administration sent Plaintiff a Notice of Award dated April 5, 2025. (*See* Doc. 33-2). The Notice of Award confirmed that $37,764.75 was withheld as 25% of past-due benefits for payment for her Counsel. (*Id.* at 3).

On July 7, 2025, Counsel filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking an award of $37,764.75 in attorney's fees, representing 25% of Plaintiff's past-due benefits. (Doc. 33 at 3-4). Counsel filed an accompanying proof of service that the instant motion was served on Plaintiff by U.S. mail on July 7, 2025. (Doc. 33 at 9). Neither Plaintiff nor Defendant filed an opposition or statement of non-opposition to Counsel's motion and the time to do so has passed.

///

///

2

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…

42 U.S.C.§ 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable). In determining whether the requested fee is reasonable, the court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is reasonable in light of the amount of time the attorney spent in litigating the case. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1149.

## III. Discussion

Pursuant to Local Rule 230(c), the undersigned will construe Plaintiff's and Defendant's failure to file an opposition to Counsel's motion as non-opposition to the relief requested. *See* E.D. Cal. L.R. 230(c).

Counsel for Plaintiff's motion for attorney's fees is reasonable. Counsel is an experienced attorney who secured a successful result for Plaintiff in this action. *See* (Docs. 21, 27, 28-30). There is no indication that a reduction of fees is warranted due to any substandard performance by Counsel. There is also no evidence that Counsel engaged in any dilatory conduct resulting in

excessive delay. Indeed, Counsel's itemized bill (Doc. 33-3) reflects 33 hours of time to review the 664-page administrative record, draft a motion for summary judgment with approximately ten pages of argument, review Defendant's responsive brief, and draft a reply with approximately ten pages of argument. (Docs. 18, 21, 24, 27). The Court finds 33 hours is a reasonable amount of time for the performance of those tasks.

The Court also finds that the total award sought does not appear to be disproportionate to the amount of time Counsel spent on the case. Counsel for Plaintiff requests an hourly rate of $1,144.38 ($37,764.75 / 33 hours). Though significant, the amount requested cannot be said to be a windfall. *See Smith v. Kijakazi*, No. 1:13-cv-01717-BAK-SKO, 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorney's fees requested were appropriate); *Anthony v. O'Malley*, No. 1:21-CV-01604-SKO, 2024 WL 4770287, at *3 (E.D. Cal. Nov. 13, 2024) (collecting cases and finding effective hourly rate of $1,237.96 not excessive); *Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 not excessive); *see also Villa v. Astrue*, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1 n.1 (E.D. Cal. Jan. 7, 2010) (noting that "[i]n practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award").

Similarly, the $37,764.75 total amount is consistent with contingent fee awards granted under § 406(b). *See*, *e.g.*, *Aguilera v. Comm'r of Soc. Sec.*, No. 1:21-cv-00819-GSA, 2024 WL 3937517, at *2 (E.D. Cal. Aug. 23, 2024) ($27,699.75); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50).

Accordingly, the undersigned finds the fees sought by Counsel are reasonable given the results achieved in this action. The undersigned will recommend Counsel's motion be granted and an amount pursuant to § 406(b) of $37,764.75 be awarded, but to be offset by any prior award of attorney's fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $7,750.00 in fees pursuant to EAJA (Doc. 32), Counsel shall refund the amount of $7,750.00 to Plaintiff.

**IV.  Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED:

1. Counsel for Plaintiff Sima G. Aghai's unopposed motion for authorization of attorney fees under 42. U.S.C. § 406(b) (Doc. 33) be GRANTED;

2. Counsel for Plaintiff Sima G. Aghai is awarded § 406(b) attorney's fees in the amount of $37,764.75; and

3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Counsel for Plaintiff Sima G. Aghai shall reimburse to Plaintiff the full amount of the EAJA fee ($7,750.00) previously awarded.  (Doc. 32).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 29, 2025**                                   _____
                                                            UNITED STATES MAGISTRATE JUDGE

5